# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL DOCKET NO.: 5:03CR46

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| AMANDA JANE DURHAM, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendant's *pro se* Motion for Transcripts, filed November 18, 2005 [Document # 88].

On September 2, 2004, Defendant pled guilty to the charges of conspiracy to possess with intent to distribute cocaine, cocaine base, and methamphetamine, in violation of 21 U.S.C. §§ 841, 846 (Count One), and using and carrying a firearm during and in relation to a drug trafficking crime and aiding and abetting, in violation of 18 U.S.C. §§ 924, 2 (Count Five). On February 7, 2005, this Court sentenced Defendant to 60 months imprisonment on Count One and 24 months imprisonment on Count Five, for a total of 84 months imprisonment. Judgment was entered on March 17, 2005. Defendant did not file a notice of appeal.

Defendant now asks the Court to provide her with a copy of her sentencing transcript and a copy of the transcript from the inquiry into status of counsel hearing held on October 20, 2004. Defendant advises the Court that she is indigent and she intends to file a Section 2255 motion and needs such transcripts to assist in this filing. Defendant further asks the Court to grant her *in forma pauperis* status for purposes of obtaining these transcripts.

Transcripts are provided to indigent prisoners in proceedings brought under 28 U.S.C. §

2255, ". . . if the trial judge or circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). Thus, prior to requesting a copy of her sentencing transcript or transcript from the October 20, 2004 hearing, Defendant would first need to present her issues under Section 2255 to the Court, and then the Court will decide if a transcript is necessary to decide the issues before it. *See United States v. MacCollom*, 426 U.S. 317 (1976). Defendant does not need to be granted *in forma pauperis* status in order to file a Section 2255 motion or to receive copies of her transcripts, should the Court determine that such transcripts are needed to decide the issues presented by Defendant.[1]

Defendant is advised, however, that in 1996, Congress passed the Antiterrorism and Effective Death Penalty Act which amended Section 2255 to add a one-year limitation period. In relevant part, Section 2255 now provides that "[t]he limitation period shall run from the latest of: (1) <u>the date on which the judgment of conviction becomes final</u> ; (2) the date on which impediment to making a motion created by governmental action in violation of the United States Constitution or the laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

---

[1] Moreover, Defendant was previously determined to be indigent and received court appointed counsel. (*See* Order dated October 23, 2003). Therefore, such determination carries over to all proceedings before this Court and Defendant does not need to submit an additional *in forma pauperis* application.

2

Defendant is advised that her judgment became final on March 17, 2005, when the Court entered the Judgment on her sentence. Therefore, in order to maintain a Section 2255 claim, Defendant has to file a motion by March 17, 2006.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Transcripts is **DENIED**.

The Clerk is directed to send copies of this Order to Defendant and the United States Attorney.

**Signed: December 13, 2005**

Richard L. Voorhees
United States District Judge